### VIRGIL C. POND *vs.* CHARLES TORREY.

Suffolk.    November 12, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract*, Parties.  *Landlord and Tenant.   Assignment.*

A lessor agreed in writing with his lessee, that the lease might be assigned to a person named and that the assignee should be under no personal liability by reason of the assignment or his occupation thereunder.  On the same day the lessee made the assignment, which stated that it was made in accordance with the terms of an agreement between the lessor and lessee and stipulated that the assignment should in no way create any personal liability on the part of the assignee to the lessee or to any other person.  Thereafter the lessor sued the assignee on the covenant to pay rent and taxes.  *Held*, that the two agreements were to be construed together, and that the lessor was precluded from enforcing any claim against the assignee for payment of the rent or taxes.

CONTRACT by Virgil C. Pond, lessor, against Charles Torrey, assignee from Louis J. Elkan, the original lessee, on the covenant in the lease to pay rent and taxes.   Writ dated December 8, 1898.

The declaration as amended set forth the facts in full.   The defendant demurred.   The Superior Court sustained the demurrer and gave judgment for the defendant; and the plaintiff appealed.

The original lessors were Virgil S. Pond and Virgil C. Pond. Later Virgil S. Pond conveyed all his interest in the leased premises and the lease to Virgil C. Pond.

The two agreements referred to in the opinion of the court were as follows: " It is agreed that the within lease may be assigned to Charles Torrey; that said Torrey shall be under no personal liability by reason of said assignment or by reason of his occupancy of the premises as such assignee; that so long as said Torrey or his representatives and assigns, other than the said Elkan, holds said estate under this assignment, the rent reserved therein shall not be payable in advance, and that the rent due, according to the terms of said lease, on the first day of November, in advance, shall be due and payable on the first day of December, and the same amount on the first day of each suc-

ceeding month ; that the taxes assessed on said premises for the last year of the term of the within lease shall be paid by the parties holding the same, on or before the first day of February preceding the termination of said lease.   If this lease is hereafter assigned to the lessee therein named, all of the original terms, covenants and agreements of said lease shall be in force.   Nothing herein shall be deemed a release or discharge of the said Elkan from a full performance of the terms of this lease as modified by this agreement.   All previous breaches of this lease are hereby waived.   Witness our hands and seals this twenty-seventh day of November, A. D. 1894.   L. J. Elkan. [Seal.]   V. S. Pond. [Seal.]   V. C. Pond.   [Seal.] "

" Boston, November 27, 1894.   Under and in accordance with the terms of an agreement between the Lessors and Lessee in within lease which agreement is hereto annexed, I do hereby assign and transfer to Charles Torrey, all my right, title and interest under the within lease.   But this assignment shall in no way create any personal liability on the part of said Charles Torrey to me or to any other person. ·  Witness my hand and seal the day and year aforesaid, L. J. Elkan.   [Seal.] "

Torrey accepted the assignment, entered upon the premises, and held them, paying rent to the plaintiff at the end of each month, up to and including the month of February, 1898.   On March 14, 1898, Torrey assigned all his right and title under the lease to Elkan, and on March 15, notified the lessors of the reassignment.   On April 2, 1898, Elkan executed an instrument acknowledging that he was unable to pay the rent falling due April 1, 1898, and that there had been a breach of condition, consenting to an entry to terminate the lease, and surrendering the premises to Virgil C. Pond, but providing that " nothing herein contained shall impair or affect the rights of said lessor and owner against Charles Torrey, his administrators or assigns for rent accruing on the first day of April, A. D. 1898, nor on account of the non-payment of the taxes for the year 1897, nor shall this instrument affect or impair any right of said Pond accruing on or before the first day of said April, A. D. 1898, against said Torrey."

*C. R. Elder*, for the plaintiff.

*H. G. Allen*, for the defendant.

KNOWLTON, J.   The plaintiff as lessor sues the defendant as assignee of a lease, on the covenant to pay rent and taxes.   The defendant took an assignment with an express agreement in writing between him and the lessee, that the assignment should in no way create any personal liability on the part of the said defendant, to the lessee or to any other person.   Moreover, this agreement purported to be made in accordance with the terms of another agreement bearing the same date and annexed to the first, whereby the plaintiff agreed with the lessee that the lease might be assigned to this defendant, and agreed that he should be " under no personal liability by reason of said assignment or by reason of his occupancy of the premises as such assignee."   It was also agreed that if the lease should afterwards be assigned to the lessee therein named, all the original terms and covenants and agreements should be in force, and that nothing contained in the agreement should be deemed a release or discharge of the original lessee from the full performance of the terms of the lease, with certain modifications as to times of payments stated therein.

The effect of the agreements in writing, made the same day and referring to each other, was to make the defendant an assignee without personal liability for the rent or taxes, and to leave the plaintiff with the personal liability of the original lessee to him unchanged.   The two agreements are to be construed together, and the plaintiff is precluded by them from enforcing any claim against the defendant for payment of the rent or taxes.

*Judgment affirmed.*